CONNECTICUT INDEMNITY COMPANY v. HAZEL MUDRY ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 71317

*David M. Reilly,* of New Haven, for the Plaintiff.

*Edward L. Reynolds,* of New Haven, for the Defendant.

WYNNE, J. The genesis of the declaratory judgment procedure was to have a method whereby possible litigants could join in having rights established. With the extension of the idea and the engraftment of restraint by equity, this trier is in hearty accord.

The point involved here is something quite different. To uphold the plaintiff's claim would be to establish a precedent by which the right of trial by jury would be substantially curtailed.

It must not be forgotten that the insurance carrier is not a party in any sense to the pending suits which it now seeks to paralyze. Therefore it would appear that the asserted claim that the suggested procedure would prevent a multiplicity of suits is not tenable. On final analysis the insurance company argument is more plausible than persuasive.

Where rights, or apparent rights, are in sharp conflict, the less important must certainly yield to the greater. And no right, it seems to this trier, transcends the right of trial by jury.

In passing it might be observed that a judge in his chambers should never grant a temporary injunction unless convinced of the probable basis for a permanent one.

The instant motion is therefore denied.